*Turner, Riddle, for appellant.*

---

## MILES SKAGGS *v.* CYRUS H. MOORE.

**Libel and Slander—Answer, Sufficiency of.**

> The first sentence of the third paragraph of the answer is as follows: "In answer to the third paragraph he says he did not speak of and concerning the plaintiff the defamatory words alleged to have been spoken, in manner and form as he has alleged."

> **Held,** that the answer sufficiently and aptly pleaded not guilty to the charge.

### APPEAL FROM GRAYSON CIRCUIT COURT.

October 12, 1872.

OPINION BY JUDGE HARDIN:

The plaintiff in this action, in his petition containing several paragraphs, sought to recover damages for alleged libel, and for slander in accusing him of the crime of perjury; and also on the further charge of slander, substantially alleged to have been committed by the defendant by saying in the presence of others falsely and maliciously concerning the plaintiff that he "had but three pecks of corn and that he had stolen that."

To these several charges an answer was filed; but as the finding of the jury was upon the last mentioned one of slander in accusing the plaintiff of stealing corn, the others being unsupported by the evidence, as held by the court, it is only necesary to consider the

action of the court with reference to the pleadings concerning the alleged charge of larceny.

As to that, the first sentence of the third paragraph of the answer is as follows: "In answer to the third paragraph he says he did not speak of and concerning the plaintiff the defamatory words alleged to have been spoken, in manner and form as he has alleged."

Having thus, as we think, sufficiently and aptly pleaded not guilty to the charge, the defendant, without indicating the beginning of another paragraph by number, proceeded at some length, to set forth other matters, apparently in mitigation of damages, and also as the grounds of a counter claim, as alleged by him, for slanderous words spoken by the plaintiff, but, in effect containing an admission of the truth of the charge against himself. After the answer was filed the following order was made on the motion of the plaintiff: "It is ordered that all of the defendant's answer after the third paragraph be stricken out; to which opinion of the Court the defendant excepts."

To give this order any effect, we must construe it as applying to all of the continuation of the third paragraph, after the formal traverse of the plaintiffs charge as being in the opinion of the Court, mere surplusage and redundant matter. And this supposition is fortified by the fact, that, after the order was made, the Court overruled a demurrer to said paragraph. Yet upon the trial, the Court, inconsistently with its previous ruling, gave the following instruction, under which a verdict was found for $350.00 in damages.

"The defendant by failing to deny admits that he spoke concerning the plaintiff these words, "He had but three pecks of corn and that he had stolen that," and that these words were false, the jury ought, therefore to find for the plaintiff such damages as they think right for the speaking of these words falsely of the plaintiff."

We can perceive no ground on which the action of the court in giving this instruction, so obviously inconsistent with its previous, and as we conclude, correct ruling, on the demurrer of the plaintiff, can be sustained.

The judgment, being therefore deemed erroneous, is reversed

and the cause remanded for a new trial and other proceedings not inconsistent with this opinion.

*Wintersmith, for appellant.*

*Conklin, for appellee.*